IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,690-03






EX PARTE MARGARITO TORRES CARRIZAL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-0221-06-E IN THE 275TH JUDICIAL DISTRICT COURT


FROM HIDALGO COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to
murder, and was sentenced to twenty-five years' imprisonment. He did not appeal his conviction.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because 
counsel failed to investigate Applicant's history of mental illness and failed to request a competency
evaluation for Applicant before advising him to plead guilty. Applicant alleges that he was not
competent to enter a plea and that he did not understand the proceedings, despite his statements to
the contrary on the record of the plea. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order Applicant's trial counsel to file an affidavit responding to Applicant's claim of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether counsel was aware of Applicant's
psychiatric problems, of the diagnosis and medications given to Applicant while he was in federal
custody, and of the incidents that occurred while Applicant was in the County Jail awaiting trial. 
The trial court shall make findings as to whether counsel noticed any indication that Applicant was
not able to appreciate the nature and consequences of the proceedings, or that he could not
adequately communicate with counsel. If so, the trial court shall make findings as to whether a
competency evaluation was requested or performed, and if not, why not. The trial court shall make
findings as to whether the performance of Applicant's trial attorney was deficient and, if so, whether
counsel's deficient performance prejudiced Applicant. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: January 11, 2012

Do not publish